Frank Emmett TWEEDY, Appellant,

v.

UNITED STATES of America, Appellee.

Misc. No. 797.

United States Court of Appeals Ninth Circuit.

Feb. 12, 1960.

Donald M. Cahen, San Francisco, Cal., for appellant.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before STEPHENS, HAMLEY, and MERRILL, Circuit Judges.

PER CURIAM.

Proceeding under 28 U.S.C.A. § 2255, Frank Emmett Tweedy moved in the district court to vacate and set aside a judgment of conviction entered on a plea of guilty of the crime of unlawful possession of a firearm in violation of 26 U.S. C.A. (I.R.C.1954) § 5851, and for leave to withdraw the plea of guilty. The motion was denied without hearing. Tweedy appealed and moved in this court for leave to proceed in forma pauperis. The motion was supported by an affidavit of the kind required by 28 U.S.C.A. § 1915.

We appointed counsel to assist Tweedy in prosecuting his motion to proceed in forma pauperis. So assisted, Tweedy then moved in the district court for leave to proceed in forma pauperis. The motion was denied by that court. In the order of denial it was stated, among other things:

"Tweedy's attempt to impeach his representations to the court prior to acceptance of his plea is wholly without merit on the face of the record. Since no issue requiring a hearing was raised by the petitioner, denial thereof was proper and appeal from the denial is frivolous. Accordingly, petitioner's motion for leave to appeal in forma pauperis is denied."

Tweedy, still assisted by court-appointed counsel, has now renewed in this court his motion to proceed in forma pauperis. Two grounds are asserted why the motion should be granted. The first of these is that the district court did not issue a certificate that the appeal is not taken in good faith and that leave to proceed in forma pauperis must therefore be granted. Title 28 U.S.C.A. § 1915, Johnson v. United States, 352 U.S. 565, 566, 77 S.Ct. 550, 1 L.Ed.2d 593, and Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060, are relied upon in support of this proposition.

■■ A certificate that an appeal is not taken in good faith may be entered if there is some evident improper motive or if no issue is presented which is not plainly frivolous. Ellis v. United States, supra. The district court held in effect that this appeal presents no issue which is not plainly frivolous. The court formalized that determination by including a recital to that effect in the order denying leave to proced in forma pauperis. This being a ground warranting the issuance of such a certificate, and such recital serving no other function, we are of the opinion that the quoted recital was in effect a certificate that the appeal is not taken in good faith.

We therefore hold that petitioner's contention that this court must grant leave to proceed in forma pauperis because no such certificate was made by the district court is without factual foundation. We do not reach the question of whether, in the absence of such a district court certificate, this court may deny leave to appeal in forma pauperis on the ground that the appeal is frivolous.

■ The second ground asserted by petitioner why this court should grant leave to proceed in forma pauperis is that the appeal presents issues which are not plainly frivolous. As noted above, the district court has already ruled otherwise in what we regard as a certificate that the appeal is not taken in good faith. But such a certificate is not final in the sense that the petitioner is barred from contesting that determination in this court. The certificate must be set aside if petitioner shows that issuance thereof was not warranted. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed. 2d 593.

Petitioner asserts that two issues which are not plainly frivolous are raised by this appeal. The first is whether the district court in the § 2255 proceeding erred in holding that the two grounds there urged for vacating the judgment of conviction are without merit. These two grounds, as stated in petitioner's motion in the district court for leave to proceed in forma pauperis, are as follows:

"1. Was Rule 11 of the Federal Rules of Criminal Procedure [18 U. S.C.A.] or the Fifth Amendment to the United States Constitution violated when movant was allowed to plead guilty to the crime charged without sufficient understanding of the nature of the charge; and

"2. Was the Sixth Amendment to the United States Constitution violated when movant was allowed to plead guilty to said crime in proceedings in which he was ineffectively represented by counsel?"

The factual basis upon which these issues are grounded, as alleged in the § 2255 petition, demonstrates that petitioner's particular grievance has to do with the interpretation of the statute under which he was charged and convicted. In effect he alleges that at the time of arraignment and sentencing he believed, and was so advised by his attorney, that possession of a sawed-off shot gun, the barrel of which had been altered to a length of less than eighteen inches, and the tax upon which had neither been declared nor paid, was a violation of 26 U. S.C.A. § 5851. The barrel of the gun found in his possession was less than eighteen inches.

He further alleges that since incarceration he has examined the statutes. As a result, petitioner alleges, he has now ascertained that 26 U.S.C.A. § 5851 does not apply unless the altered firearm, in-

cluding barrel and stock, has an altered over-all length of eighteen inches or less. The gun here in question, he alleges, has a greater over-all length. Hence, he alleges, he had a defense which, due to misunderstanding and misadvice from his attorney, he was deprived of asserting, the result being that he pleaded guilty whereas he should have pleaded not guilty.

The term "firearm" as used in 26 U.S.C.A. § 5851 is defined in 26 U.S.C.A. § 5848(1) to mean " * * * a shotgun or rifle having a barrel of less than 18 inches in length * * * " Petitioner therefore had no misunderstanding or misadvice at the time of arraignment or sentencing as to the meaning of the statute. The fact that he has a present misunderstanding as to the meaning of the statute is immaterial.

Petitioner presents no other factual basis for the issues he seeks to raise. He was represented at the arraignment and sentencing by counsel of his own choice. Before accepting petitioner's plea the court made particular inquiry of him and of his counsel as to petitioner's understanding of the proceedings, the offense charged, and the consequences of a plea of guilty. Affirmative responses were given and no questions or objecttions were voiced. All of this is revealed by the transcript of those proceedings.

In our view this asserted issue which petitioner seeks to raise on appeal is plainly frivolous.

The remaining issue on appeal which petitioner relies upon is whether the district court erred in denying the § 2255 petition without granting a hearing.

Section 2255 provides that the court shall grant a hearing upon such a petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." The basis of the petition is asserted misunderstanding of the statute and misadvice of counsel concerning it. Accepting petitioner's allegations of fact and all reasonable inferences therefrom, however, it was necessary to hold as a matter of law that there was no misunderstanding or misadvice of the kind alleged. It therefore being conclusively shown upon the motion and the files and records of the case that the contentions raised in the § 2255 petition were without merit, the court did not err in denying that petition without hearing. The contention to the contrary advanced by petitioner on this appeal is plainly frivolous.

For the reasons indicated we decline to vacate and set aside the certificate of the district court that the appeal is not taken in good faith. The motion for leave to appeal in forma pauperis is denied.

The court desires to express its appreciation to Donald M. Cahen of the San Francisco bar, who has served competently and industriously as court-appointed counsel.