**Milton MARGOLES, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 67-C-261.

United States District Court
E. D. Wisconsin.

Dec. 29, 1967.

James Shellow, of Shellow, Shellow & Coffey, Milwaukee, Wis., John P. Diuguid, of Carr, Bonner, O'Connell, Kaplan & Scott, Washington, D. C., for plaintiff.

James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION AND ORDER DENYING MOTION

REYNOLDS, District Judge.

This is a motion by the plaintiff, Milton Margoles, under §§ 2255 and 1651, Title 28 United States Code, for an order vacating the judgment of conviction and sentence imposed on him in connection with Case No. 60–CR–105 on October 24, 1960. Margoles asserts that he was deprived of a fair trial by massive and prejudicial publicity before and during the trial. Included and made a part of the Margoles motion was a brief and exhibits consisting of thirty-seven photographic copies of pages of Milwaukee newspapers along with a request for an evidentiary hearing on the motion. In addition to the facts and reasons asserted by Margoles, he stated that "other" reasons would be asserted at an evidentiary hearing.

The Government filed a "Memorandum in Opposition to Motion to Vacate Judgment and Sentence" which also included excerpts from the transcript of the trial.

## BACKGROUND

On October 3, 1960, a jury trial of Margoles was commenced with the Honorable Luther M. Swygert presiding. This was a trial of two consolidated cases. In the first case (No. 60–CR–83) Margoles was charged with offering a thing of value to a federal judge intending to influence him, in violation of 18 U.S.C. § 206. The jury found him "not guilty" of this offense. In the second case (No. 60–CR–105) he was charged with attempting to corruptly influence a federal judge and attempting to obstruct the due administration of justice, in violation of 18 U.S.C. § 1503. The jury found the defendant "guilty" of both of these counts.

On October 24, 1960, Margoles was sentenced to two concurrent terms of five years and fined $5,000.

## PUBLICITY WAS NOT MASSIVE

■ Margoles claims that the newspaper coverage of his case was "massive." This Court has thoroughly studied the thirty-seven photographic copies of the newspaper pages submitted with the motion. Certainly the Margoles case was the subject of publicity. Newspaper articles appeared for three days following the return of the indictment in Case No. 60–CR–83 on July 15, 1960.[1] Arti-

1. Articles submitted:

July 15, 1960..Milwaukee Journal, "Latest Edition," Pages 1 and 19.

July 15, 1960..Milwaukee Journal, "Peach" Sheet.

July 16, 1960..Milwaukee Sentinel, Early Edition, Page 1.

July 16, 1960..Milwaukee Sentinel, Later Edition, Pages 1 and 16.

cles also appeared for eight days during his trial which lasted from Monday, October 3, 1960, to October 11, 1960.[2]

The newspapers did not consistently give the Margoles case front page coverage. The articles often appeared in the second section of the newspapers. The Margoles case received the major headline in the Milwaukee Journal only once. That headline appeared only after the jury had returned its verdict. The news stories which were used in the later editions were most often substantially the same as had appeared in the earlier editions. This court is convinced that the news coverage was not massive in any sense of the word. The publicity the Margoles trial received was no more than ordinary press coverage of a newsworthy event. The volume of publicity was certainly not comparable to that found in the case of Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966).

## PUBLICITY WAS NOT PREJUDICIAL

Margoles also claims that the newspaper articles often detailed all of his past difficulties and quoted government sources which, he alleges, emphasized the charges and evidence against him. As evidence that the jury was prejudiced,

the Margoles brief quoted the jury foreman as saying:

"No, there was no mention [of it] at all that I know of, not in the section [that] I sat in. As soon as I went in, *I read the paper.* * * *" (Emphasis supplied in the brief.)

This quotation is from page 806 of the trial transcript. The juror's statement was part of an answer made to the Court's questioning concerning the receipt of some inflammatory reading material apparently sent anonymously through the mail to some of the jurors. The answer does not indicate which newspaper the juror apparently read or whether there were any articles concerning Margoles in it. Another portion of the juror's answer to the Court's questioning indicates that the juror realized and intended to live up to his duty as a juror. Speaking of the material sent through the mail, the juror said:

" * * * 'Gosh,' I says, 'I don't know what this is about, but I surely don't want to disqualify myself by reading this,' * * *." (Trial transcript, page 804.)

The petitioner cites the Sheppard case as authority for the proposition that his 5th and 6th amendment rights were violated. Assuming that all of the

---

July 16, 1960..Milwaukee Journal, "Latest Edition," Page 1.
July 17, 1960..Milwaukee Sentinel, Early Edition, Page 3.
July 17, 1960..Milwaukee Sentinel, Later Edition, Page 3.
July 17, 1960..Milwaukee Journal, Part 2, Pages 1 and 2.

2. Articles submitted:
October 3, 1960..Milwaukee Journal, Part 2, Pages 1 and 7.
October 4, 1960..Milwaukee Sentinel, Page 1.
October 4, 1960..Milwaukee Journal, "Latest Edition," Pages 1 and 8.
October 4, 1960..Milwaukee Journal, "Peach" Sheet.
October 5, 1960..Milwaukee Journal, Part 2, Page 3.
October 5, 1960..Milwaukee Sentinel, Part 2, Page 1.

October 6, 1960..Milwaukee Sentinel, Page 8.
October 6, 1960..Milwaukee Journal, Part 2, Page 2.
October 6, 1960..Milwaukee Journal, "Peach" Sheet.
October 7, 1960..Milwaukee Sentinel, Page 10.
October 7, 1960..Milwaukee Journal, "Latest Edition," Pages 1 and 3.
October 7, 1960..Milwaukee Journal, "Peach" Sheet.
October 8, 1960..Milwaukee Sentinel, Part 2, Page 1.
October 8, 1960..Milwaukee Journal, Page 7.
October 10, 1960..Milwaukee Journal, "Latest Edition," Pages 1 and 4.
(Other articles were published after the case had gone to the jury.)

petitioner's factual allegations are true, this Court finds that his allegations are insufficient to come under the doctrine of the Sheppard case.

The publicity given the Margoles trial was not only less than massive, but certainly could not be characterized as a "highly prejudicial supplementation of the trial record" as was found in the Sheppard case. The court in Sheppard v. Maxwell, 384 U.S. 333, at page 354, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), pointed out that:

> " * * * For months the virulent publicity about Sheppard and the murder had made the case notorious. Charges and countercharges were aired in the news media besides those for which Sheppard was called to trial. * * * "

The files and records of the Margoles cases indicate no such prejudicial setting for the trial.

The trial judge in the Sheppard case actually ruled that the court lacked power to control the publicity about the trial. The carnival atmosphere at the Sheppard trial was simply not present at the Margoles trial. The Margoles trial jurors were not thrust into the role of celebrities as were the jurors in the Sheppard case. The very "judicial serenity and calm" of which Sheppard was deprived was accorded to Margoles at his trial.

The trial judge in the Sheppard case merely gave "suggestions and requests" to the jury concerning the undesirability of reading or listening to the news coverage of the case. Judge Swygert, however, gave the jurors strong admonitions to refrain from reading, watching, or listening to any news coverage of the Margoles case. These admonitions were repeated many times during the trial. The following are quotations from the trial record of the Margoles case:

October 3, 1960

Noon Adjournment

Transcript Pages 22–23

(Addressed to all prospective jurors.)

"I want to say this now:—I will say it again, but I want to say this now to all of you. While you have not been selected as jurors you are something other than a citizen who has connection with the court or with this case. In other words, you are here as prospective jurors to try this case and as prospective jurors, even though you haven't any of you been finally selected, I ask that you not discuss this case with anyone during the noon hour or at any time if you are selected finally while you are trying the case. But as you now are prospective jurors, I ask that you absolutely not discuss this case with anyone, not permit anyone to discuss it in your presence, and if anyone should attempt to discuss it would you report that immediately to the court.

"I ask again and I admonish you to talk about this case to no one. Don't read the newspapers about it. If there are any late stories about it, don't read any newspapers or hear any broadcasts or see any television, and permit no one to discuss this case with you."

October 7, 1960

Adjournment to October 10, 1960

Transcript Pages 745–747

"I would like to again remind you, and I want you to keep this, what I say to you and what I have said to you before, constantly in your minds: it in your presence, discuss this case with you, not permit anyone to discuss it in your presence, discuss this case with no one. I ask that you not read about it, not learn anything about it from radio, television, or the newspapers. You should decide this case only on what you have heard here this week in this courtroom; and you would not be conscientious jurors, true to your oath, unless you followed this instruction. And I say this even with regard—and I have told you before, in discussing it at home, as you know you are apt to invite or get impressions or views from others no matter with whom you discuss it,

so this request and admonition not to discuss the case applies even in your own homes. Keep an open mind. You have not got the case for decision yet. When I say 'keep an open mind,' not reach any final conclusion in your own minds about this case until you have had the benefit of the final arguments of counsel, the Government counsel and the defense counsel, until you have had the instructions from the court. It will then be time enough for you to make up your minds individually and collectively as to the guilt or innocence of the defendant.

"I repeat, do not discuss this case with anyone, do not permit anyone to discuss this case with you, and if anyone should attempt in any way to communicate with you about this case (1) Refuse to discuss this case and report this immediately to me, to the Judge.

"Now, I ask you, ladies and gentlemen, because of the week end, to keep these admonitions constantly in mind, and to follow them out faithfully, and if you do then you will be true to your oath as conscientious jurors, and true to your duty as conscientious jurors, and if you should fail to do that you would not be true to your oath as jurors and as a part of this court. Of course, retain as much as humanly possible all of the evidence you have heard here this week, keep constantly in mind that evidence because it will be that evidence you will have to have in mind when you decide this case. So try to retain it in your mind; but, as I repeat, do not reach any final conclusion in your mind until you have the case for submission, all of these instructions and admonitions I have given you."

October 7, 1960
12:15 P.M.
Transcript Pages 696–697

"I think I should preface my questions by saying this: By my asking these questions, I do not wish to imply anything except to ask the questions and except that I assume and will understand that you are answering the questions truthfully. As to the significance of your reply, that is something that you need not speculate upon, and I don't want you to speculate upon the significance or the consequences of your reply.

"The first question that I would like to ask is this: Did any of you read any news item which appeared in the Milwaukee Journal last evening relating to this case? and I have particular reference to the one-sheet part of the Journal which is of orange color. Did any of you read that news item? I understand that there is no one who says that he did. I am right in that question, I believe, the way you are now answering.

"Second, did any of you read any news item appearing in the Milwaukee Sentinel relating to this case which appeared in this morning's paper? By your silence, I understand that you did not.

"The third question, did any of you see the newscast on Channel 4, Milwaukee, last evening? By your silence, I understand that you say that you did not.

"Thank you, ladies and gentlemen, for your answers."

These instructions and the others that appear in the transcript are clear and unambiguous admonitions designed to inform and impress the jury with the duty to decide the case only on the basis of the evidence presented. This court is convinced that the instructions had that intended effect upon the jury.

The factual allegations of the petition give no reason to doubt that the verdict was based upon the evidence developed at the trial.

The conclusion that the jury reached its verdict unaffected by alleged news-media-inspired prejudice is further supported by the fact that Margoles was found "not guilty" of the offense of offering a thing of value to a federal judge intending to influence him.

The facts alleged by the petitioner are simply insufficient to raise a doubt about the fairness of the trial. The files and records of the Margoles cases conclusively show that the petitioner is entitled to no relief under § 2255 of Title 28 United States Code. Consequently this court did not order an evidentiary hearing. This procedure is authorized where no issue of fact appears. Yates v. United States, 316 F.2d 718, 721 (10th Cir. 1963); Mitchell v. United States, 359 F.2d 833 (7th Cir. 1966); United States v. McNicholas, 298 F.2d 914 (4th Cir. 1962), cert. denied 369 U.S. 878, 82 S.Ct. 1150, 8 L.Ed.2d 380; and Tweedy v. United States, 276 F.2d 649 (9th Cir. 1960).

For the foregoing reasons,

It is ordered that petitioner's motion to vacate judgment and sentence in this case must be and the same hereby is denied.