**UNITED STATES of America, Plaintiff,**

v.

**William Wesley CROSSMAN, Defendant.**

**No. 69–CR–26.**

United States District Court
N. D. Oklahoma.

May 9, 1969.

Hubert H. Bryant, Asst. U. S. Atty., Tulsa, Okl., for plaintiff.

S. S. Lawrence, Tulsa, Okl. (Court appointed), for defendant.

## ORDER

DAUGHERTY, District Judge.

Defendant has filed a Motion for Leave to Appeal in Forma Pauperis this Court's refusal to grant Defendant's request, made at the time of sentencing, to withdraw his plea of guilty previously entered. The Motion also requests that the Court appoint counsel to assist Defendant in this appeal. In his Motion, Defendant claims that:

"I orginally plead guilty with the understanding that this Honorable Court would send me to the Federal Hospital at Springfield, Missouri. This understanding was based on an order issued by the United States District Court for the Northern District of Mississippi, which held original jurisdiction in my case. (Criminal No. CRW 69–22) The order was brought to the attention of this Honorable Court on or about January 14, 1969.

I believe this Honorable Court's denial of my request to change my plea violates my constitutional rights."

There is no order in the file issued by the United States District Court for the Northern District of Mississippi which makes any mention of the Federal Hospital at Springfield, Missouri. No such order, if in existence, was brought to my attention on or about January 14, 1969, as claimed by the Defendant as I was not in the Northern District of Oklahoma during the month of January, 1969. The United States Commissioner handling the case advises that no such order or mention of the Federal Hospital at Springfield, Missouri, was brought to his attention by any one at any time.

This Court ordered the Defendant to be examined, as to his mental competency, by a local psychiatrist. The psychiatrist reported the Defendant to be mentally competent. The Court made a judicial determination to this effect.

At the time of sentencing, when Defendant expressed his desire to change his plea, he stated:

"Well, I was under the impression that the Court would be able to help me in certain ways psychologically, and I find that the Court can't. Therefore, I believe that I could do much better for myself and my future by going back to Mississippi." (See transcript attached hereto)

Defendant is an escape artist. He was sentenced by this Court on two charges involving two separate escapes from Federal custody, both occurring in Mississippi. He came to this Court at his request by way of a Rule 20 transfer. In Defendant's way of thinking, doing better for himself means attempting to escape again if this Court allows him to change his plea and sends him to Mississippi. As to Defendant's future, he has a total of 67 years to serve besides the present sentences. The Probation Officer reported to the Court that De-

fendant stated to him he would attempt to escape again at any opportunity.

■ ■ In the matter of allowing a defendant to withdraw a plea of guilty, the Court has wide discretion. Rule 32 F.R.Crim.P., 18 U.S.C.A.; Kienlen v United States, 379 F.2d 20 (10th Cir. 1967); Criser v. United States, 319 F.2d 849 (10th Cir. 1963). It is the opinion of the Court that Defendant's request to change his plea was not made for any purpose other than to afford himself another opportunity to commit again the crime with which he is in this case charged and convicted. Neither the Defendant nor his counsel have suggested to the Court at any time any defense, meritorious or otherwise, to the crimes of escape charged herein. Under these circumstances, the Court finds and concludes that the Defendant's Motion for Leave to Appeal in Forma Pauperis evidences an improper motive on the part of the Defendant and discloses no issue which is not plainly frivolous. Tweedy v. United States, 276 F.2d 649 (9th Cir. 1960).

The Court, therefore, certifies that Defendant's proposed appeal is not taken in good faith. Defendant's Motion for Leave to Appeal in Forma Pauperis and for Appointment of Counsel is denied.