Melvin P. DEUTSCH, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.

Civ. A. No. 94–1970 (CRR).

United States District Court, District of Columbia.

April 3, 1995.

Melvin P. Deutsch, pro se.

W. Mark Nebeker, Asst. U.S. Atty., Civ. Div., with whom Eric H. Holder, U.S. Atty. for District of Columbia, was on the brief, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case is the Defendants' Motion to Dismiss. Upon careful consideration of the parties pleadings, the entire record herein, and the applicable law with respect thereto, the Court will GRANT the Defendants' Motion.

## I. BACKGROUND

Plaintiff, a prisoner incarcerated at the Loretto Federal Correctional Institution at Loretto Pennsylvania, brings the above-entitled action *pro se* and *in forma pauperis,* alleging that the Defendants conspired to interfere with his receipt of legal correspondence in violation of his constitutional rights, the Racketeer Influenced and Corrupt Organization Act, and the Sherman Act. Plaintiff seeks both injunctive and monetary relief from the Defendants in their individual capacities.

More particularly, Plaintiff alleges that Defendants have opened correspondence from his attorney or otherwise denied him access thereto. Complaint, ¶ 5, 8. Such interference, Plaintiff maintains, denied him an effective appeal of his conviction. Complaint, ¶ 38.

While Plaintiff acknowledges that the pertinent regulations require the identification of legal mail as such, and that the correspondence in question was not marked as legal mail, he claims that the name of his attorney on the envelope was followed by the title "Esquire." Plaintiff argues that "all mail coming from an attorney and/or a court should be considered legal mail no matter if it states ["Legal Mail"] or not on the face of the envelope." Complaint, ¶ 8. Plaintiff further argues that "The title Esquire in New York is all that a lawyer need[s] [to] use to be identified as an attorney [and that] the Federal Bureau of Prisons must respect this marking." Complaint, ¶ 5.

Plaintiff seeks twenty-one million dollars ($21,000,000) in RICO damages, punitive damages "in the amount of One Dollar (1.00) or ten percent of the total assets of each Defendant[ ]," Complaint, ¶ 23, and thirty-million dollars ($30,000,000) in general and special damages.

## II. DISCUSSION

A. *Plaintiff's Bivens claims must be dismissed for want of jurisdiction, for improper venue, and for failure to state a claim upon which relief can be granted.*

Plaintiff invokes *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971), as the basis for recovery against the various Defendants in their individual capacities. However, because Plaintiff has failed to perfect service against any of the individual Defendants, because the Court would be unable to exercise personal jurisdiction over the non-resident Defendants, because venue does not lie in this district for Plaintiff's *Bivens* claims, and because Plaintiff has failed to satisfy the heightened pleading standard applicable to suits against government officials in their individual capacities, his *Bivens* claims must be dismissed.

1. *The Court is unable to exercise jurisdiction over the Defendants because Plaintiff has failed to effect proper service of process on them.*

■■■ Because *Bivens* suits are suits against government officials in their individual, rather than their official, capacities, personal jurisdiction over the individual defendants is necessary to maintain a *Bivens* claim. *See Delgado v. Bureau of Prisons*, 727 F.Supp. 24 (D.D.C.1989); *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C.1978). Proper service of process upon defendants is necessary to obtain jurisdiction over defendants in their individual capacities. *Pollack v. Meese*, 737 F.Supp. 663, 666 (D.D.C.1990). Failure, therefore, to perfect service of process is fatal to a *Bivens* action. *Id.*

■■■ Rule 4 of the Federal Rules of Civil Procedure requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his [or her] dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Service on the Attorney General and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to suits against officials in their official capacity "does not obviate the requirement of personal service ... where the action is against a federal official in his [or her] individual capacity." *Lawrence*, 79 F.R.D. at 670. Accordingly, because Plaintiff has failed to effect service of process on the Defendants, the Court is unable to exercise jurisdiction over them and the *Bivens* action against them must accordingly be dismissed.

2. *The Court cannot exercise jurisdiction over Defendants Smith, Ortiz, Tippy, Hill Sullivan, Lamitie, Gilliland, and Essig.*

■■■ The District of Columbia long arm statute, D.C.Code § 13–423, is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia. *Reuber v. United States*, 750 F.2d 1039, 1049 (D.C.Cir. 1984). The statute provides that a court in the District of Columbia may exercise personal jurisdiction over a defendant with regard to a claim arising from the defendant's

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he [or she] regularly does or solicits business, [or] engages in any other persistent course of conduct ... in the District of Columbia.

D.C.Code § 13–423(a)(1)–(4) (1981).

Defendants Smith, Tippy, Hill, Sullivan, Lamitie, and Gilliland are employees of the Federal Bureau of Prisons who work in New York. Defendants Ortiz and Essig are employees of the Federal Bureau of Prisons who work in Pennsylvania. Because these Defendants are not alleged to conduct any business or make any contracts for services in the District of Columbia and because no injury is alleged to have been suffered in the District of Columbia, the Court cannot exercise jurisdiction over them.

### 3. Venue does not lie in this district for Plaintiff's Bivens claims.

██ 28 U.S.C. § 1391(e), the applicable venue provision for suits against federal officials in their official capacities, is inapplicable to suits against such officials in their individual capacities; rather, venue in such suits is governed by 28 U.S.C. § 1391(b), which provides that

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Because all of the Defendants do not reside in the same state, venue cannot lie in this district under § 1391(b)(1). Further, because a substantial part of the alleged events or omissions giving rise to the Plaintiff's claims did not take place in the District of Columbia, but rather New York and/or Pennsylvania, venue cannot lie in this district under § 1391(b)(2).

### 4. Plaintiff's Bivens claims fail to state a claim on which relief can be granted.

a. Plaintiff's Bivens claims against Defendants Reno, Hawk, Tippy, Ortiz, Lamitie, Gilliland, Essig, and Dawion must be dismissed because respondeat superior may not be the basis of a Bivens suit.

██ Absent any allegations that Defendants Reno, Hawk, Tippy, Ortiz, Lamitie, Gilliland, Essig, and Dawion personally participated in the events which gave rise to Plaintiff's claims, or any corroborative allegations to support the inference that these Defendants had notice of or acquiesced in the alleged interference with Plaintiff's legal correspondence by their subordinates, dismissal in their favor is appropriate. See Haynesworth v. Miller, 820 F.2d 1245, 1259

(D.C.Cir.1987) (fellow government employees cannot be held liable under the theory of respondeat superior for either constitutional or common law torts); Smith–Bey v. District of Columbia, 546 F.Supp. 813, 814 (D.D.C. 1982) (same). Respondeat superior has been consistently rejected as a basis for the imposition of Bivens liability. See, e.g., Boykin v. District of Columbia, 689 F.2d 1092, 1097–99 (D.C.Cir.1982); Tarpley v. Greene, 684 F.2d 1, 9–11 (D.C.Cir.1982). Plaintiff's Bivens claims against these Defendants, whose only relationship to the instant litigation is their ultimate supervisory status, must therefore be dismissed.

### b. Plaintiff's conspiracy claims must be dismissed.

██ To the extent that Plaintiff suggests the existence of a conspiracy between the Defendants and others, his allegations fail to state a claim upon which relief can be granted. As the United States Court of Appeals for the District of Columbia Circuit has observed,

[u]nsupported factual allegations which fail to specify in detail the factual basis necessary to enable [defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive [plaintiffs] of their constitutional rights.

Martin v. Malhoyt, 830 F.2d 237, 258 (D.C.Cir.1987). Plaintiff fails to assert any factual basis to support the conclusion that a conspiracy existed. Plaintiff's conspiracy claims will therefore be dismissed for failure to state a claim upon which relief can be granted.

### B. Plaintiff's RICO and Sherman Act claims are frivolous.

██ 28 U.S.C. § 1915(d) allows sua sponte dismissal or claims asserted by plaintiffs proceeding in forma pauperis which "the court ... is satisfied [are] frivolous or malicious." Id. § 1915(d) (1988). While sua sponte dismissal under § 1915(d) is strongly disfavored, the Court is satisfied that Plaintiff's invocation of the Racketeer Influenced and Corrupt Organizations Act and the Sherman Act is "so frivolous that,

construing [these claims] under the liberal rules applicable to *pro se* complaints, there still remains no arguable legal or factual basis upon which the complaint could go forward." *Brandon v. District of Columbia Bd. of Parole,* 734 F.2d 56, 62 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). Plaintiff's invocation of RICO and the Sherman Act is wholly unsupported by any argument or facts to support such claims. Rather, such statutes merely appear to have been part of a shot-gun approach employed by the Plaintiff in the instant case. Accordingly, because the assertion of RICO and the Sherman Act is entirely without merit, any and all claims thereunder will be dismissed as "frivolous" within the meaning of § 1915(d).

### C. *Defendants are entitled to qualified immunity.*

■ Federal officials enjoy qualified immunity from constitutional and statutory claims. *Cleavinger v. Saxner,* 474 U.S. 193, 206, 106 S.Ct. 496, 503, 88 L.Ed.2d 507 (1985). As the Supreme court made clear in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* at 818, 102 S.Ct. at 2738; *see also Hunter v. District of Columbia,* 943 F.2d 69, 75 (D.C.Cir.1991).

■ Further, because "the costs of meritless suits include 'the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office'.... and since the [Supreme] Court [has] stressed the need to terminate insubstantial *Bivens* claims before trial," *Whitacre v. Davey,* 890 F.2d 1168, 1171 (D.C.Cir.1989) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982)), courts in the District of Columbia Circuit impose a more stringent standard on plaintiffs who charge a governmental official with constitutional deprivation where the outcome of the action depends on the official's state of mind. *Kimberlin v. Quinlan,* 6 F.3d 789 (D.C.Cir.

1993), *cert. granted,* —— U.S. ——, 115 S.Ct. 929, 130 L.Ed.2d 876 (1995).

■ This "heightened pleading standard" requires pleading of specific direct evidence of intent to defeat a motion to dismiss and subsequent production of such evidence to defeat a motion for summary judgment in suits against officials in their individual capacities. *Id.* at 794. Defendants have asserted the defense of qualified immunity, accordingly, the outcome of the instant action hinges on the Defendants' state of mind.

Plaintiff fails to identify a clearly established right which the Defendants are alleged to have violated. However, consistent with the liberal treatment afforded *pro se* litigants, the Court will treat the Complaint as asserting claims under the First, Fourth, and Fifth Amendments. Notwithstanding the liberal construction of Plaintiff's Complaint, however, Defendants are entitled to qualified immunity.

■ Prison officials are entitled to "considerable discretion to implement policies for the administration of correctional facilities and are free to formulate rules (including regulation of inmates' property) that impinge on fundamental rights so long as they are 'reasonably related' to legitimate penological objectives." *Crawford–El v. Britton,* 951 F.2d 1314, 1318 (D.C.Cir.1991) (quoting *Turner v. Safley,* 482 U.S. 78, 87, 107 S.Ct. 2254, 2260, 96 L.Ed.2d 64 (1987)).

■ Courts have routinely held that prison security is a sufficiently important governmental interest to justify limitations on an inmate's First and Fourth Amendment rights. *See Gaines v. Lane,* 790 F.2d 1299, 1304 (7th Cir.1986). Prison officials may open an inmate's mail pursuant to uniform and evenly applied policy in order to maintain prison security. *Lavado v. Keohane,* 992 F.2d 601, 607 (6th Cir.1993).

■ Bureau of Prisons Program Statement 1315.04 allows wardens to require attorneys to provide information to verify their license in order to receive special privileges accorded to attorneys. In the instant case, Plaintiff's correspondent did not offer verification; accordingly special mail privileges

were denied pending verification. Such denial, without more, fails to rise to the level of a constitutional violation, much less the violation of a clearly established right of which a reasonable person would have known.

█ And while Plaintiff alleges that he was denied his right to an effective appeal, which the Court will construe as alleging a denial of his right of meaningful access to the courts, he has failed to articulate any specific harm suffered as a result of the Defendants opening his legal mail or allegedly denying him access thereto. This showing of detriment is a necessary predicate to a colorable meaningful access claim. *See Crawford–El v. Britton,* 844 F.Supp. 795, 798–99 (D.D.C. 1994) (citing *Chandler v. Baird,* 926 F.2d 1057, 1063 (11th Cir.1991)). Nor has Plaintiff pleaded any specific direct evidence of intent to deprive him of his right of meaningful access. Accordingly, Defendants are entitled to qualified immunity from Plaintiff's claims.

D. *Sovereign immunity bars any claims against the United States Department of Justice, the Federal Bureau of Prisons, or the individual Defendants in their official capacities.*

█ To the extent that Plaintiff seeks damages against the United States or the individual Defendants in their official capacities, his claims must be dismissed absent a waiver of sovereign immunity. The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. *See United States v. Nordic Village,* 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government. *Clark v. Library of Congress,* 750 F.2d 89, 101–02 (D.C.Cir.1984). Because the Court cannot discern from Plaintiff's Complaint any colorable basis for such a waiver, to the extent Plaintiff asserts any claims for damages against the United States Department of Justice, the United States Bureau of Prisons, or the Defendants in their official capacities, such claims must be dismissed for lack of subject matter jurisdiction.

### III. *CONCLUSION*

Upon careful consideration of the parties' pleadings, the entire record herein, and the applicable law with respect thereto, the Court will enter an Order of even date herewith consistent with the foregoing Memorandum Opinion GRANTING the Defendants' Motion to Dismiss.