Ruchell Cinque MAGEE,
et al., Plaintiffs,

v.

Orrin G. HATCH, et al., Defendants.

No. Civ.A. 97–2203 (RMU).

United States District Court,
District of Columbia.

Nov. 6, 1998.

Thomas B. Griffith, U.S. Senate, Washington, DC, Kerry William Kircher, U.S. House of Representatives, Washington, DC, for Defendants.

Ruchell Cinque Magee, Crescent City, CA, pro se.

Mark Thiel, South Bend, IN, pro se.

Shiriki Unganisha, Kansas City, MO, for Plaintiffs.

## MEMORANDUM OPINION

URBINA, District Judge.

This matter is before the court on the plaintiffs' motion to proceed on appeal *in forma pauperis*. For the reasons stated below, the plaintiffs' motion is denied.

## I. BACKGROUND

Ruchell Cinque Magee's original complaint was dismissed by this court on May 26, 1998 "[b]ecause the Speech or Debate clause of the United States Constitution bars a suit against a Member of Congress based on his or her legislative vote." Memorandum Opinion at 1 (May 26, 1998). On July 16, 1998, Mr. Magee requested leave to file a notice of appeal without prepayment of costs and to proceed *in forma pauperis*. Subsequently, on July 29, 1998, the United States Court of Appeals for the District of Columbia ordered that the case be held in abeyance pending resolution by the District Court of the application to proceed *in forma pauperis*.

Mr. Magee's request for an appeal rests on three separate grounds. First, Mr. Magee is appealing the dismissal of his complaint on the premise that there is no constitutional protection for votes made by members of Congress. Second, Mr. Magee claims that the judges and lawyers involved in his case are "railroading the innocent." Notice of Appeal at 1 (citing *People v. Cruz*, 162 Ill.2d 314, 205 Ill.Dec. 345, 643 N.E.2d 636 (Ill. 1994) (Mr. Cruz was released from prison when he was cleared of all charges and police detectives were arrested for fabricating evidence.)). Apparently, Mr. Magee is arguing that if his case was given the same coverage on *60 minutes* as the *Cruz* case, he would similarly be released. Third, Mr. Magee claims that judges have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").

On September 21, 1998, this court issued an Order in accordance with 28 U.S.C. § 1915(a)(2) giving Mr. Magee until October 21, 1998 to provide the court with a certified copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the notice of appeal. *See* Order filed September

21, 1998. Mr. Magee was informed that "[f]ailure to comply with this Order will result in the denial of the motion to proceed *in forma pauperis.*" Order filed September 21, 1998. Because Mr. Magee has failed to provide the information requested by the court and required under 28 U.S.C. § 1915(a)(2), his motion to proceed on appeal *in forma pauperis* will be denied. In addition, the court's review of Mr. Magee's motion provides an independent basis for denial.

## II. ANALYSIS

### A. Good Faith Standard

■■■ This court has thoroughly reviewed the plaintiffs' complaint, keeping in mind that pleadings filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). 28 U.S.C. § 1915(a) states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." An *in forma pauperis* proceeding is not taken in good faith if it is "frivolous or malicious." 28 U.S.C. § 1915(e)(2); *see Sills v. Bureau of Prisons,* 761 F.2d 792 (D.C.Cir. 1985); *Brandon v. District of Columbia Board of Parole,* 734 F.2d 56, 59 (D.C.Cir. 1984). The term frivolous has not been defined by Congress, but "[a]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (citing *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). Additionally, section 1915(e)(2)'s term " 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* at 325, 109 S.Ct. 1827.

### B. Determination of Frivolousness

■■■ As explained above, a legal claim may be deemed frivolous if it is wholly unsupported by law or facts. *See, e.g., Crisafi v. Holland,* 655 F.2d 1305 (D.C.Cir.1981); *Deutsch v. U.S. Dep't of Justice,* 881 F.Supp. 49 (D.D.C.1995); *Tweedy v. U.S.,* 276 F.2d 649 (9th Cir.1960). In *Tweedy,* the petitioner

sought an appeal based on the claim that he misunderstood the meaning of the statute that he had pled guilty to violating. The court, however, found that there was no factual basis for the petitioner's claim and that the petitioner's current understanding of the statute was erroneous. The court, therefore, found that the appeal was frivolous, and the petitioner was not allowed to proceed *in forma pauperis. See Tweedy,* 276 F.2d at 652.

Similarly, in *Deutsch* the court found that the plaintiff's *in forma pauperis* action was frivolous. There, the plaintiff claimed that the defendants had violated his constitutional rights, the RICO Act, and the Sherman Act by interfering with his receipt of legal correspondence. The court found that the RICO and Sherman Act claims were

> wholly unsupported by any argument or facts to support such claims. Rather, such statutes merely appear to have been part of a shot-gun approach employed by the Plaintiff in the instant case. Accordingly, because the assertion of RICO and the Sherman Act is entirely without merit, any and all claims thereunder will be dismissed as "frivolous" within the meaning of § 1915.

*Deutsch,* 881 F.Supp. at 54. Additionally, the *Deutsch* court found that the plaintiff's claims against federal employees for violating his constitutional rights were frivolous because there were no supported factual allegations and because the individual defendants were immune from suit for acts performed in their official capacities as federal employees. *See id.* at 53 (quoting *Martin v. Malhoyt,* 830 F.2d 237, 258 (D.C.Cir.1987)).

■■■ In contrast, the court in *Crisafi* found that the plaintiff's claim was not frivolous. There, the prisoner plaintiff asserted that he was arbitrarily kept from using the prison's law library and from receiving stamps, paper, and envelopes. This claim was not comprised of fanciful factual allegations or unarguable points of law. Despite the court's finding that the claim before it was not frivolous, the court listed other situations in which plaintiffs may be denied leave to proceed *in forma pauperis.* "A court may

dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Crisafi*, 655 F.2d at 1307–1308. Additionally, the court stated that the defendants must not be immune from the claims. *See id.* at 1308 (citing *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir.1975) (stating that claims against legislators and judges based on acts performed in the course of their official duties are frivolous because legislators and judges are accorded absolute immunity)).

Compared to the facts of the above-referenced cases, Mr. Magee's claims are frivolous within the meaning of 28 U.S.C. § 1915(e)(2). Mr. Magee's first claim is frivolous because members of Congress are immune from suits based on their legislative votes. Courts have dismissed as frivolous claims where defendants are immune. *See Crisafi*, 655 F.2d at 1308 (stating that an *in forma pauperis* action is properly dismissed as frivolous if the defendant is immune from suit on the claims asserted). Mr. Magee's second claim is also frivolous, because there is no factual or legal basis for the claim that the judges involved with this case are "railroading the innocent." The court in *Deutsch* dismissed similarly fanciful claims as frivolous because there were no facts to support the claim. *See Deutsch*, 881 F.Supp. at 53–54; *Anders*, 386 U.S. at 744, 87 S.Ct. 1396 (stating that "an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits' "). Similarly, Mr. Magee's third claim that judges have violated the RICO Act is frivolous. Here, as in *Deutsch*, the invocation of the RICO Act is unfounded. No factual basis has been offered in support of this claim. In sum, the court finds that Mr. Magee's claims are as frivolous, if not more so, than the claims asserted in *Tweedy* and *Deutsch* where the courts refused to allow the plaintiffs to proceed *in forma pauperis*.

## III.  CONCLUSION

Because Mr. Magee's claims contain neither points arguable by law nor supporting facts, the court concludes that his claims are frivolous. Based on this conclusion and on

Mr. Magee's failure to comply with the court's Order of September 21, 1998, the court rules that Mr. Magee should be denied leave to proceed on appeal *in forma pauperis*. An appropriate Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously executed and issued this 6th day of November, 1998.

### ORDER

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously executed and issued this 6th day of November, 1998, it is hereby

**ORDERED** that the plaintiffs' motion to proceed on appeal *in forma pauperis* is **DENIED**.

**SO ORDERED.**