Zack McCAIN, Jr., Plaintiff,

v.

Janet RENO, et al., Defendants.

No. CIV.A.98–1859 PLF.

United States District Court, District of Columbia.

March 31, 2000.

Zack McCain, Jr., Edgefield, SC, for Pro se.

Lydia Kay Griggsby, Assistant U.S. Attorney, Washington, DC, for Defendant.

*MEMORANDUM OPINION*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment concerning the constitutionality of the Bureau of Prisons' regulation governing the handling of incoming mail received from a court. Plaintiff's appointed counsel briefed this issue, but was then removed by plaintiff who is now pursuing this action *pro se.* Having reviewed the cross-motions and the entire record herein, the Court will grant defendants' motion and deny plaintiff's.

## I. FACTS

Zack McCain is a federal prisoner who has filed at least three prior civil actions *pro se* in federal courts in Georgia and Colorado. During the course of litigating those cases, Mr. McCain received copies of court orders and other correspondence from the Clerk's Offices of those federal courts, and such correspondence was opened outside of Mr. McCain's presence. The envelopes containing this correspondence bore the printed return address of the Clerk of the United States District Court, but did not bear any other markings concerning the contents of the envelope.

Mr. McCain submitted a request for administrative remedy, challenging the opening of his "legal mail." His request and his subsequent appeals were denied on the basis of the Bureau of Prisons' regulations governing the processing of inmate mail, 28 C.F.R. § 540.14 *et seq.*[1] Those regula-

---

1. The following are the relevant provisions of the regulations that govern the Bureau of Prisons' handling of "legal mail":

(a) Institution staff shall open and inspect all incoming general correspondence. Incoming general correspondence may

tions allow an inmate's incoming correspondence to be opened, read and copied outside the presence of the inmate unless "the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail—Open only in the presence of the inmate." " 28 C.F.R. § 540.18(a). If the envelope is so marked, it may be opened only in the presence of the inmate and may not be read by prison officials. *Id.* Inmates are responsible for advising their lawyers that correspondence will be handled as "special mail" only if the envelope is marked with the attorney's name and an indication that the person is an attorney, and if the front of the envelope is marked "Special Mail—Open only in the presence of the inmate." 28 C.F.R. § 540.19(b). Typically, attorneys representing prisoners and concerned about the privileged nature of their communications with their clients will both identify themselves as an attorney on the envelope and include the magic words "Special Mail—Open only in the presence of the inmate."

## II. DISCUSSION

Plaintiff's filings arguably raise an assortment of claims, but the Court will address only plaintiff's facial challenge to the constitutionality of the BOP's mail handling regulations as they relate to mail received from a court that does not contain the "Special Mail" marking. Any claims related to the handling of specific pieces of mail by prison officials or the application of the BOP's mail handling regulations to plaintiff are claims that must be addressed initially by local prison authorities and, once exhausted, may only be pursued in the district where the acts occurred. Plaintiff concedes that this action is so limited. *See* Plaintiff's Opposition to Defendants' Motion, at 13.

Plaintiff argues that the BOP's handling of incoming mail from a court is unconstitutional because it is not "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The *Turner* test, however, applies only to regulations that impinge on an inmate's constitutional rights. Plaintiff's argument largely assumes that he has a constitutional right to receive correspondence from a court unopened. The regulations at issue do not prohibit prisoners from receiving correspondence, as was the case in *Turner v. Safley,* 482 U.S. at 91–93, 107 S.Ct. 2254, nor do they allow prison officials to withhold or otherwise censor such correspondence, as in *Procunier v. Martinez,* 416 U.S. 396, 413–14, 94 S.Ct. 1800, 40 L.Ed.2d

be read as frequently as deemed necessary to maintain security or monitor a particular problem confronting an inmate.
28 C.F.R. § 540.14.
(a) The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail—Open only in the presence of the inmate".
(b) In the absence of either adequate identification or the "special mail" marking indicated in paragraph (a) of this section appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail.
28 C.F.R. § 540.18.

(a) Staff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter. The inmate may be asked to sign as receiving the incoming legal mail. This paragraph applies only if the sender has marked the envelope as specified in § 540.18.
(b) The inmate is responsible for advising any attorney that correspondence will be handled as special mail only if the envelope is marked with the attorney's name and an indication that the person is an attorney, and the front of the envelope is marked "Special Mail—Open only in the presence of the inmate". Legal mail shall be opened in accordance with special mail procedures (see § 540.18).
28 C.F.R. § 540.19.

224 (1974), *overruled in part Thornburgh v. Abbott,* 490 U.S. 401, 413, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). It therefore is difficult to discern the constitutional implications for the opening of mail from a court outside the presence of the prisoner.

Several constitutional rights conceivably could be at issue. In *Wolff v. McDonnell,* 418 U.S. 539, 575–76, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court considered a prisoner's claim against a Nebraska state prison policy permitting the opening of incoming mail from an attorney by prison officials in the presence of the prisoner. The Court expressed doubt that such a policy infringed the prisoner's First, Sixth or Fourteenth Amendment rights because "the constitutional status of the rights asserted, as applied in this situation, is far from clear." The Court upheld the constitutionality of the mail policy regardless of "which, if any, of the asserted rights are operative here." *Wolff v. McDonnell,* 418 U.S. at 576–77, 94 S.Ct. 2963. It held that "by acceding to a rule whereby the inmate is present when mail from attorneys is inspected, [prison officials] have done all, and perhaps even more, than the Constitution requires." *Id.* See *Deutsch v. United States Dep't of Justice,* 881 F.Supp. 49, 54 (D.D.C.1995) (citing *Lavado v. Keohane,* 992 F.2d 601, 607 (6th Cir.1993)) ("[p]rison officials may open an inmate's mail pursuant to uniform and evenly applied policy in order to maintain prison security"); *see also Gaines v. Lane,* 790 F.2d 1299, 1305–06 (7th Cir.1986) (censorship of mail permitted only when prison security threatened).

**2.** After considering public comments on the issue, the Department of Justice rejected requests that all mail from a court be treated as legal mail when it revised its special mail handling regulations in 1985:

> The volume of correspondence, and the varied forms of identification that can be placed on an envelope, make it impractical to require staff to assess each piece of mail to determine if the letterhead or other marking qualifies for special mail handling.

Plaintiff seeks to distinguish *Wolff* and the attorney-client correspondence cases because judges, clerks and other court personnel rarely, if ever, include the marking "Special Mail—Open only in the presence of the inmate" on the outside of their envelopes. Plaintiff challenges the constitutionality of the Bureau of Prisons' regulations, already found constitutional in *Wolff,* because of the *courts'* failure to include the special marking on the outside of its envelopes. Even without this designation, he maintains, it is still "legal mail" entitled to protection.

Courts could, of course, affix the required markings to their envelopes, *see Martin v. Brewer,* 830 F.2d 76, 78 (7th Cir.1987), with or without a request from a prisoner, or the Bureau of Prisons could in its discretion treat correspondence from the Clerk's Office as "legal mail" subject to the protections offered by the regulations, even in the absence of the special mail marking. *See Prows v. United States Dep't of Justice,* No. 89–2929(LFO) 1991 WL 111459 (D.D.C. June 13, 1991). The question here is not whether the Bureau of Prisons could treat all mail from a court Clerk's Office as "legal mail," but whether the Constitution requires the Bureau of Prisons to treat all mail from a court Clerk's Office in the same manner as it treats attorney-client correspondence. This Court concludes that the relationship of a court with a prisoner does not raise the same concerns about privilege and confidentiality as does the relationship between a prisoner and his or her lawyer. Consequently, the contents of mail from a court need not be accorded the same protections given to the contents of mail from a prisoner's attorney.[2]

> The Bureau recognizes various types of correspondence as special mail, and to ensure appropriate recognition by staff, it is appropriate to require that such mail carry specific identification. Also, not all mail from [special mail] correspondents may be special mail on every occasion. For example, mail from an attorney may occasionally not be related to the attorney-client relationship. This requirement [of designating mail as "Special Mail—open only in the

Plaintiff next suggests, without support, that the Bureau of Prisons' regulations infringe on an inmate's First Amendment right of access to the courts. In order to bring a civil rights action for violation of access to the courts, however, a prisoner must show that an actionable claim has been lost, rejected or prevented from being presented. *See Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). There is nothing about a prison policy that permits opening incoming mail from a court that would result in an actionable claim being lost or rejected.[3] Plaintiff presumably argues that his right to file an actionable claim is "chilled" by a policy that permits prison officials the unfettered right to open and copy mail received from courts. The Court disagrees.

First, because actionable claims protected by the First Amendment are only those that involve an inmate's freedom or conditions of confinement, *see Lewis v. Casey*, 518 U.S. at 355, 116 S.Ct. 2174, copies of orders and notices sent by courts generally also will be addressed to the named defendants or respondents in the action—usually the inmate's warden or other prison officials or their supervisors or employers. While this may, in some sense, "chill" an individual prisoner's desire to bring such a claim, the Federal Rules of Civil Procedure themselves require that all defendants receive copies of all court orders, even when the defendants are prison officials. *See* Rule 77(d), Fed.R.Civ.P. In any

event, plaintiff has not established that the regulations have resulted in his denial of access for any actionable claims.[4]

Second, because mail sent by courts is almost always public information, filed on the public docket, prisoners should not be reasonably reluctant to file actionable claims. *See Martin v. Brewer*, 830 F.2d at 78–79 (correspondence from a court is not privileged and inmates could not be hurt by having prison officials read mail); *Watson v. Cain*, 846 F.Supp. 621, 628 (N.D.Ill. 1993) (same).[5] Plaintiff discounts this fact as "unrealistic" because prison officials are not likely to review court files and would not know of court orders unless delivered to them. The fact is, however, that such orders, responses and files are publicly available and they are as open to prison officials as to any other member of the public.

The crux of plaintiff's argument is that by allowing prison officials to review and copy an inmate's mail received from a court, those officials have a basis for retaliating against the inmate and inmates have a reasonable expectation that officials will retaliate against them. In addressing a *facial* challenge to the constitutionality of a regulation, however, the Court does not assume that officials charged with complying with those regulations will violate the law. If retaliation occurs, plaintiff can raise such a claim in the district in which it occurred.

Because the Bureau of Prisons policy concerning incoming mail received from a

presence of the inmate"] is a minimal burden on correspondents, resulting in significant administrative advantage in speeding up the processing of mail.

50 Fed.Reg. 40106 (Oct. 1, 1985).

**3.** As a facial challenge to the regulation, the Court assumes that opening the mail will not result in any more than a *de minimis* delay in delivery to the inmate and will not likely result in mail being lost, stolen or destroyed.

**4.** Judge Oberdorfer's decision in *Prows* relies on a line of cases holding that an inmate need not establish an injury in order to state a

claim for infringement of the right of access to the courts in having mail from a Clerk's Office opened outside the inmate's presence. *See, e.g., Thornley v. Edwards*, 671 F.Supp. 339, 341–42 (M.D.Pa.1987); *Bieregu v. Reno*, 59 F.3d 1445 (3d Cir.1995). This line of cases was overruled by the Supreme Court in *Lewis v. Casey*. *See Oliver v. Fauver*, 118 F.3d 175, 177–78 (3d Cir.1997).

**5.** The one obvious exception is orders in sealed cases. Plaintiff does not allege that his prior federal cases were sealed or that any orders were filed under seal.

court does not infringe any constitutional right of plaintiff, defendants' motion for summary judgment will be granted. An appropriate Order accompanies this Memorandum Opinion.

### ORDER AND JUDGMENT

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

ORDERED that defendants' motion for summary judgment [# 31] is GRANTED and plaintiff's motions for summary judgment [# 30, # 38–3] are DENIED; it is

FURTHER ORDERED that plaintiff's motions for a stay and for appointment of counsel [# 38–2, # 38–4] are DENIED; and it is

FURTHER ORDERED that JUDG-MENT is entered in favor of defendant. Any other pending motions are denied as moot. This is a final appealable order. *See* Fed. R.App. P. 4(a).